## Maximum Group Insurance Limits

EDWARD L. SPRINGER, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, September 9, 1957.—You have inquired of this department as to the proper interpretations of sections 2 (4), 4 (4) and 5 (4) of the Group Life Insurance Act of May 11, 1949, P. L. 1210, as amended by the Act of July 2, 1953, P. L. 350, 40 PS §532.1 et seq., which place maximum limitations upon the amount of life insurance that may be issued to an individual under a group plan.

Section 2 of the Group Life Insurance Act prescribes the requirements applicable to a group life insurance policy to be issued to an employer or to the trustees of a fund established by an employer to insure the employes of such employer. Section 4 of the said act prescribes such requirement for the issuance of a group life insurance policy to a labor union or a police fraternity to insure members of such union or fraternity. Section 5 of the said act prescribes requirements for the issuance of a group life insurance policy to the trustees of a fund established by two or more employers in the same industry, or by one or more labor unions, or by one or more employers and one

or more labor unions to insure the employes of the employers or members of the unions.

Section 2, subsection (4), provides:

*"The amounts of insurance under the policy must be based upon some plan precluding individual selection either by the employes or by the employer or trustees.* No policy may be issued which provides term insurance on any employe which together with any other term insurance under any group life insurance policy or policies issued to the employers or any of them exceeds twenty thousand dollars ($20,000) *or one and one-half times the basic annual earned income of the employe, whichever is the greater, but in no case exceeding forty thousand dollars ($40,000)."* (Italics supplied)

Sections 4 and 5, in subsections (4) thereof, contain identical limitations upon the amount of individual insurance under such a policy and the manner in which such amounts are selected.

Your inquiry is whether or not the "earned income" of the employe, member or person referred to in sections 2(4), 4(4) and 5(4) is to be interpreted as including such employe's, member's or person's earned income from all sources or only such part of his earned income as is derived from his employment within or connected with the group.

A study of the Group Life Insurance Act establishes that the limitations referred to previously on the amount of individual insurance under a group life plan based upon the insured's earned income relates to his earned income from the employment which is the basis of the group, and not to earned income from other sources.

It should be noted that insured persons under group life insurance plans receive preferential treatment

over the individually insured person both as to physically qualifying for insurance and in the cost of such insurance. The legislature has prescribed in detail certain groups which may be the basis for the issuance of group life insurance policies. If a person were permitted to increase the amount of insurance applicable to him by basing it upon outside income, he would be effectually removing himself from the group for the purposes of insurance, as group membership clearly presupposes common employment and common earnings from such employment. If a person should be permitted to increase the insurance applicable to him in the aforesaid manner, a discrimination would be practiced against individual policyholders outside the group contrary to the intent of the legislature.

Furthermore, the increasing of individual insurance under a group plan by basing it upon the individual's earned income from any source would also be discriminatory against other insured members of the group and, in addition, would place upon the employer, union or fraternity an unjustified burden of expense. Discrimination against other insured members of the group would result from the fact that a disproportionate share of employer, union or fraternity funds would be used for purchasing insurance for the benefit of certain insured persons. For example, under a section 5 group plan where no part of the premium may be derived from funds contributed by insured persons, if a union member were permitted to have his insurance coverage based on his outside income, he could thereby receive far greater insurance benefits than another union member in an identical position but who has no outside income. Since, in all instances, the employers, unions or fraternities pay either all or part of the costs of group insurance, any increase in such costs resulting solely from basing the amount of in-

surance upon outside income of group members would constitute an unjustifiable expense upon employers, unions or fraternities without any commensurate benefit resulting therefrom.

Such discrimination as would occur if the amount of individual insurance under a group plan were geared to outside income might be in violation of section 353 of The Insurance Company Law of May 17, 1921, P. L. 682, 40 PS §477a, which renders it a misdemeanor for insurers or their agents to issue policies within this Commonwealth which unfairly discriminate between individuals of the same class in the amount of premiums or rates charged for any policy of life insurance.

The foregoing considerations no doubt explain why the legislature, in sections 2, 4, and 5 of the Group Life Insurance Act, expressly provided that "the amounts of insurance under the policy must be based upon some plan precluding individual selection" either by the employes, union or fraternity members or by the employer or trustees. These provisions expressly preclude insured members of a group from computing the insurance applicable to them upon income earned from sources unrelated to the group. If insured members were to so compute the insurance applicable to them, they would be making an individual selection of the amount of their insurance under the policy contrary to the Group Life Insurance Act.

It is, therefore, the opinion of this department and you are accordingly advised that the "earned income" referred to in sections 2(4), 4(4) and 5(4) of the Group Life Insurance Act refers only to earned income derived from the employment which is the basis for the creation of the group under which the insurance is issued.